Entered on Docket
November 24, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: November 24, 2010

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOEL RODRIQUEZ LOPEZ,

                    Debtor./

Case No. 10-47520 EDJ
Chapter 13

MEMORANDUM: MOTION TO VALUE COLLATERAL

    On September 8, 2010, Joel Lopez, the above-named debtor, ("Lopez") filed a Motion to Value Collateral seeking an order of this court determining the value of the claim secured by a lien held by Wells Fargo Bank N.A. ("Wells Fargo") on the debtor's real property located at 127 Pasco Drive, Brentwood, California (the "Property"). Lopez seeks to limit Wells Fargo's secured claim to the fair market value of the Property, rendering unsecured the portion of its claim that is in excess of that amount.

    Bankruptcy Code § 506(a)(1) provides that, "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of

Memorandum

such creditor's interest in the estate's interest in such property ..." 11 U.S.C. § 506(a)(1).[1]  A secured claim is thereby limited to the value of the collateral that secures it.  But, § 1322(b)(2) provides that a debtor may not, through the chapter 13 plan, modify the rights of a claim "secured only by a security interest in real property that is the debtor's principal residence ...."  In other words, the first priority lien against the debtor's residence is exempt from the so-called "cramdown" provision of § 506(a)(1).

Lopez does not dispute that the Property is his principal residence.  Rather, he argues that the lien held by Wells Fargo is not secured "only by a security interest in real property" because the lien is secured by the Property, "together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property."  <u>See</u> Supplemental Request for Entry of Default at 1.  Lopez argues that because the Wells Fargo lien extends to easements, which Lopez seeks to characterize as personal property, the lien is no longer secured "only" by "real property" and is therefore exempt from § 1322(b)(2).  Lopez relies on the Fourth Circuit's reasoning in <u>In re Ennis</u>, 558 F.3d 343, 346 (4th Cir. 2009), which held that the debtor was able to modify the first lien against his principal residence, a mobile home, because it was considered personal property under Virginia law.  The Fourth Circuit concluded that the

---

[1] All further section references herein are to the Bankruptcy Code, 11 U.S.C. § 101 <u>et</u>. <u>seq</u>.

Memorandum                                        2

real property element of the § 1322(b)(2) anti-modification clause is distinct from, and in addition to, the principal residence element. Id.

Lopez's argument fails on three grounds. First, the Bankruptcy Code specifically includes easements within its definition of "debtor's principal residence." See §§ 101(13A), 101(27B)(defining "debtors principle residence" as "a residential structure, including incidental property..." and "incidental property" as "all easements, rights, appurtenances, fixtures, rents, royalties, mineral rights, oil or gas rights or profits, water rights, escrow funds, or insurance proceeds...."). Easements are included in "debtor's principal residence" for purposes of § 1322(b)(2) by the plain language of the Bankruptcy Code.

Second, the Ninth Circuit does not follow the rule identified by the Fourth Circuit in Ennis. Rather, the Ninth Circuit BAP held in Lee v. Home Savings of America, 216 B.R. 22 (9th Cir BAP 1997), that chapter 11 debtors were prohibited from modifying the first lien against their primary residence, even though that lien encompassed additional collateral.[2] Id. at 26. In so holding, the BAP adopted the reasoning of In re French, 174 B.R. 1 (Bankr.D.Mass 1994), which held that so called "additional collateral" does not divest a lienholder of the anti-modification provision of § 1322(b)(2) where the collateral is "nothing more than an

---

[2]Note that § 1123(b)(5), applicable in a chapter 11 case, contains anti-modification language that is identical to § 1322(b)(2), applicable in a chapter 13 case.

Memorandum                                3

1 enhancement which is or can, by agreement of the parties, be made a
2 component part of the real property or is of little or no
3 independent value." Id. at 7.  In the Ninth Circuit, the inclusion
4 of additional collateral that is personal property as security for a
5 first mortgage does not divest the lienholder of the anti-
6 modification protection of § 1322(b)(2).

7 Finally, even if this court were to follow the Fourth Circuit,
8 Lopez would need to show that the lien against his principal
9 residence is also secured by personal property.  The determination
10 of property rights in the assets of the bankruptcy estate are
11 governed by state law.  See Butner v. United States, 440 U.S. 48,
12 54-44 (1979).  Unfortunately for Lopez, easements are real property
13 interests under California law.  See Balestra v. Button, 54
14 Cal.App.2d 192, 197 (1942)("An easement in gross is a personal
15 right, or a right attached to the person; it is an interest in the
16 real property of another; but it is not personal property."); see
17 also Callahan v. Martin, 3 Cal.2d 110, 121-22 (1935).

18 The court holds that Wells Fargo's first priority lien against
19 the Property is secured only by a security interest in the debtor's
20 principal residence, and is therefore exempt from the "cramdown"
21 provision of § 506(a)(1).  The court will accordingly issue its
22 order denying Lopez's motion.

23 **END OF ORDER**

Memorandum 4

| | COURT SERVICE LIST |
|---|---|
| 1 | |

David Ashley Smyth
Smyth Law Offices
1990 N California Blvd. #830
Walnut Creek, CA 94596

Wells Fargo Bank National Association
Attn: Managing Officer
101 N. Phillips Avenue
Sioux Falls, SD 57104

Martha G. Bronitsky
P.O. Box 5004
Hayward, CA 94540-5004

Office of the U.S. Trustee
1301 Clay St. #690N
Oakland, CA 94612

Memorandum                                    5